# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | | |
|---|---|---|
| MARSHA ANN CRUMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-117 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| *Commissioner, Social Security* | ) | |
| *Administration,* | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Marsha Ann Crummer appeals the Social Security Administration's (SSA) denial of her application for disability insurance and supplemental security income benefits. Doc. 1. She contends that the SSA erred in evaluating her "low back pain and bilateral hip pain" when it determined that she retains the "Residual Functional Capacity" (RFC) to perform available jobs in the national economy. Docs. 14 & 20. For the following reasons, the SSA's decision should be **AFFIRMED.**

## I. GOVERNING STANDARDS

This Court's review is limited to determining whether the [SSA's] decision is "'supported by substantial evidence

and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

*Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). *Winschel* also explained that

> [t]he Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience. *See Phillips*, 357 F.3d at 1237–39; 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

*Id.*

## II. BACKGROUND

Insisting that low back and bilateral hip pain prevent her from working for a living, Crummer, a formerly self-employed hairdresser born

in 1963, R. 80 at 44, 45,[1] applied for benefits in 2007. R. 80 at 1 ("I can not walk half the time. I am in a lot of pain, my back an[d] hip[] pain is so bad, it hurt[s] to sit, lay and walk, I need help."). She stopped working "[b]ecause I was crippled." R. 48; *see also id.* ("I could not walk, I was hopping around my house, and I could not get out of my bed. I was bedridden for awhile."). She tendered her 2006-08 medical records in support of her claim. R. 214-303.

After the SSA administratively denied her claim, she received a hearing before an Administrative Law Judge (ALJ). R. 9, 41. After taking evidence, he ordered from Dr. Douglas P. Hein a post-hearing consultative examination, R. 69; R. 290, then applied the SSA's five-step process evaluation process to rule that she is not disabled. R. 15. Hein's letter opined that her hip x-rays were "normal," her decreased thorocolumbar motion . . . appeared to be *self*-limited[,]" and she "has evidence of lumbar disk disease" but "there appears to be an element of symptom exaggeration." R. 290-91 (emphasis added). He thus concluded that she

---

[1] The proceedings before the SSA are set forth in a "transcript" in the record at doc. 10. For convenience, the Court will reference the paper copy and thus its printed pagination, which does not align with the court's "electro-print" pagination when viewed through doc. 10 online. Thus, the Court will refer to the printed version as "R. __." "R. 80," then, means page 80 of the hard-copy volume stored in the clerk's office, yet that same page is found at doc. 10-1 at 31 on the Court's online docket.

was exaggerating her disability. He also "check-listed" her ability to sit, stand, etc., on how much she could function at an eight-hour-a-day job. R. 293-301.

Based on that and the other record evidence, the ALJ found that Crummer suffers from gastro-esophageal reflux disease (GERD) and Degenerative Disc Disease (DDD) in the lumbar spine area of her back. R. 10. But the GERD requires only minimal treatment and thus is not a severe impairment on her ability to function. The DDD, in contrast, does constitute a "significant limitation[] on her ability to function and therefore is a severe impairment." R. 11.

Crummer thus made it through "step 4," in that the ALJ consulted and agreed with the Vocational Expert's opinion that she could not return to her past work. R. 13-14. The ALJ therefore focused on "step 5" -- which required him to "determine that significant numbers of jobs exist in the national economy that the claimant can perform."[2] *Winschel*, 631 F.3d at 1180; R. 14. He then considered her RFC, age, education, and work

---

[2] "An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a vocational expert. *Phillips*, 357 F.3d at 1239–40. 'In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.' *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam)." *Winchel*, 631 F.3d at 1180.

experience in conjunction with the SSA's Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2. R. 14.

The ALJ also considered the physicians' opinions. He credited Dr. Hein's opinion, which aligned with "State agency medical consultants,"[3] R. 13, and discredited the opinion from Crummer's treating physician, Dr. Meng. R. 240-42 (Meng never mentioned "disability," but noted that Crummer has a "decreased range of motion of lower extremities and difficulties getting started once transferring from sitting to standing position"); R. 13. The ALJ complied with *Winschel's* directive to state his reasons for rejecting a treating physician's opinion, 631 F.3d at 1178-79: "there are no chart notes from Dr. Meng and []his opinion is not consistent with the other findings (i.e., MRI, x-rays and consultative examination findings)." R. 13. "Based on these assessments," he concluded, the "claimant is capable of light work with a sit/stand option and the full range of sedentary work." *Id.*

_____

[3] Medical consultant Howard Collier, M.D. found the "severity of the symptom(s)" Crummer claimed to be only "[p]art credible, should be capable of this [residual functional capacity. Crummer's] allegations [were] not fully supported by info in mer [sic]. SEE Pg 3 ASSSESMENT." R. 248. On page 3 he noted postural limitations (climbing, stooping, etc.) and also noted she had "back [problems but] had [an] MRI, *minimal* findings, no stenosis, no nerve encroachment. On meds." R. 245 (emphasis added). Too, she could "Stand and/or walk (with normal breaks) for a total of . . . about 6 hours in an 8-hour workday," sit for the same length, frequently lift and/or carry 10 pounds, and occasionally 20. R. 244. Ramona Minnis, MD, reviewed and affirmed his assessment. R. 254.

Nevertheless, the ALJ determined that Crummer's RFC enabled her to perform only *part* of the work range directed by SSA Medical-Vocational Rule 202.21 -- i.e., her ability to perform in that range "has been impeded by additional limitations" -- so he consulted a Vocational Expert (VE). R. 14. The VE testified that she could perform light, unskilled jobs like a credit reference clerk, an information clerk, and a parking lot cashier. R. 14, 64-68.

## III. ANALYSIS

Crummer contends that substantial evidence does not support the ALJ because he "second-guessed" the physicians' opinions[4] that she is unable to perform even the light work noted by the VE. Docs. 14 & 20. She also emphasizes various things like "numbness and tingling in her leg and foot," *id.* at 3, and that "[s]he stopped work in December of 2006 because she could not do her job because she was bedridden as a result of severe pain." Doc. 14 at 5.

For all of that, however, Crummer relies on "January 2006 through

---

[4] She points out that in 2007 she visited health clinics and references a "Dr. Meng" and a "Dr. Tohidi." Doc. 14 at 2-4. She cites to Tohidi's medical notes that she suffered from chronic lower back pain and was "unable to work and will require back surgery." R. 226; doc. 14 at 3. However, nothing in Tohidi's notes speak of *how long* she was then unable to work, and disability determinations by definition depend on establishing durational parameters.

December 2008" reports, doc. 14 at 2, while ignoring the later-in-time "normal" x-ray, "symptom exaggeration" opinion letter from Dr. Hein, the SSA's consulting physician. R. 290. He indicated that she could sit for up to two hours at a time within an eight-hour work day and walk for one hour. R. 298. She could also lift and carry up to ten pounds for up to one-third of a day. *Id.*

Finally, despite her limitations, Hein found her to be capable of the full-range of daily living activities like walking for a block at a reasonable pace, using public transportation, caring for her personal hygiene, sorting, handling and using paper and files, etc. R. 302. In contrast, Dr. Meng (her treating physician) noted specific limitations but never did opine that she is disabled, R. 240-42, and Crummer does not dispute the ALJ's reasons for rejecting his findings (lack of chart notes, and they are not consistent with the other -- MRI and x-ray -- medical evidence of record).

The ALJ did not improperly reject Crummer's pain and physician-opinion evidence. When, as is the case here,

> a claimant attempts to establish disability through her own testimony concerning pain or other subjective symptoms, the claimant must satisfy two parts of a three-part "pain standard," which requires evidence of an underlying medical condition, and either (A) objective medical evidence that confirms the severity of the alleged pain stemming from that

7

condition, or (B) that the objectively determined medical condition is so severe that it can reasonably be expected to cause the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). "After considering a claimant's complaints of pain, the [SSA's Administrative Law Judge (ALJ)] may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

*Smith v. Commissioner of Social Sec.*, 2011 WL 1363987 at * 2 (11th Cir. Apr. 11, 2011). As for medical evidence, the opinions of physicians who actually examine if not treat a claimant generally

> are given more weight than non-examining or non-treating physicians unless "good cause" is shown. *See* 20 C.F.R. § 404.1527(d)(1), (2); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists to discredit a physician's testimony when a physician's opinion is conclusory, contrary to or unsupported by the evidence of record, or inconsistent with the physician's own medical records. *Lewis*, 125 F.3d at 1440. "[F]indings and other opinions of State agency medical and psychological consultants ... [are considered] as opinion evidence ..." of non-examining sources. 20 C.F.R. § 404.1527(f)(2)(i).

*Id.* So "[a]bsent good cause, an ALJ is to give the medical opinions of treating physicians substantial or considerable weight." *Winschel*, 631 F.3d at 1179 (quotes and cites omitted). And "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.*; *Mize ex rel. D.I.M. v. Commissioner of Social Sec.*, 2011 WL 2176155 at * 1 (11th Cir. Jun. 3, 2011). However, "an ALJ does

not need to give a treating physician's opinion considerable weight if evidence of the claimant's daily activities contradicts the opinion. *See Phillips*, 357 F.3d at 1241." *Jarrett v. Commissioner of Social Sec.*, 2011 WL 1378108 at * 3 (11th Cir. Apr. 11, 2011). And "where the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error." *Id.*[5]

Here the ALJ did articulate specific reasons for failing to give Dr. Meng's opinion controlling weight (lack of chart notes and the inconsistency of his opinion with the other (MRI and x-ray) medical evidence of record). And Crummer cites no medical evidence objectively determining that her medical condition is so severe that it can reasonably be expected to cause the alleged pain. Nor does she dispute the ALJ's authority to make credibility determinations or the need for such

---

[5] *Compare Winchel*, 631 F.3d at 1178-79 (remanding SSI/DIB case because the ALJ failed to "explicitly consider and explain the weight accorded to the medical opinion evidence.") *with Carter v. Commissioner of Social Sec.*, 411 F. App'x 295, 298-99 (11th Cir. 2011) (substantial evidence supported decision by ALJ to accord little weight to conclusory statement by claimant's treating physician that he was unable to work, where statement rested upon subjective complaints by claimant that the ALJ had found not to be credible and was inconsistent with physician's own medical records) *and Robinson v. Astrue*, 2011 WL 2551284 at * 11 (M.D. Ala. Jun. 27, 2011) (upholding ALJ's rejection of treating physician's opinion as, *inter alia*, "inconsistent with his own treatment notes, only supported by weak objective evidence, and inconsistent with the course of treatment prescribed to the claimant").

determinations, for claimants obviously have an economic incentive to exaggerate their subjective (pain, etc.) symptoms.

Based on the ALJ's explicit evaluation of the medical evidence and VE's testimony, R. 64-68, substantial evidence supported the ALJ's conclusion that Crummer could perform the range of jobs noted above. R. 13-15. And under the above-excerpted *Winschel* and *Smith* standards, 631 F.3d at 1178, 2011 WL 1363987 at * 2, that is all this Court requires to affirm the result reached here. *See, e.g., Hurtado v. Commissioner of Social Sec.*, 2011 WL 1560654 at * 2 (11th Cir. Apr. 25, 2011) (claimant who suffered from bipolar disorder, major depressive disorder, obsessive compulsive disorder, and osteoarthritis of the hips and lumbar spine was not disabled, even though she could not perform her past relevant work as an elementary school teacher, since she was capable of performing simple routine work in positions which were available in significant numbers in the national and local economies, including fast food worker and mail clerk).

## IV. CONCLUSION

Accordingly, the Court should **AFFIRM** the SSA's decision.

**SO REPORTED AND RECOMMENDED** this 18th day of July,

2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA